UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Anthony Schmitt,                                    Civil File No. 24-cv-0034 (JRT/LIB)

       Plaintiff,

    vs.                                             **DEFENDANTS' ANSWER**

Jolene Rebertus, in her official
capacity as Assistant
Commissioner of the Minnesota
Department of Corrections; Paul
Schnell, in his official capacity as
Commissioner of the Minnesota
Department of Corrections,

      Defendants.

Defendants Jolene Rebertus and Department of Corrections (DOC) Commissioner Paul Schnell, for their answer to Plaintiff Anthony Schmitt's complaint (Doc. 1) in this matter, admit, deny, and allege as follows:

1.     Except as expressly admitted, denied, or otherwise qualified, deny every allegation in Schmitt's complaint.

2.     As to paragraph 1, state that upon information and belief Schmitt self-identifies as a Christian; state that Schmitt was a volunteer group facilitator of a course called "The Quest for Authentic Manhood," also known as "Quest," at MCF-St. Cloud from 2012 to 2023, except during the COVID-19 pandemic when the DOC paused all group programming; deny Quest is designed to successfully transition the incarcerated population back to the community; and state that Quest's program materials speak for themselves.

3.      As to paragraph 2, lack sufficient information to admit or deny whether Schmitt and Robinson taught the class to more than a thousand incarcerated persons and deny the remainder of the paragraph.

4.      As to paragraph 3, admit.

5.      As to paragraph 4, as to the first sentence, state that upon information and belief there were graduation ceremonies for incarcerated persons who completed the Quest program and lack sufficient information to admit or deny the remainder of the sentence. As to the second and third sentences, lack sufficient information to admit or deny.

6.      As to paragraph 5, as to the first sentence, state that this sentence contains an expression of Schmitt's subjective worldview and does not include factual allegations to admit or deny.  As to the second sentence, admit that on July 10, 2023, Schmitt was notified that the DOC would no longer offer the Quest program at MCF-St. Cloud and deny the remainder of the sentence.  As to the third sentence, state this sentence contains a legal conclusion that does not include factual allegations to admit or deny.

7.      As to paragraph 6, state that the July 10, 2023 communication to Schmitt from Jolene Rebertus speaks for itself.

8.      As to paragraph 7, as to the first sentence, state that this sentence contains an expression of Schmitt's subjective worldview and does not include factual allegations to admit or deny.  As to the second sentence, lack sufficient information to admit or deny the number of incarcerated persons who completed Quest and deny the remainder of the sentence.

9.      As to paragraph 8, admit that as of July 10, 2023, the DOC discontinued offering the Quest program at MCF-St. Cloud and state the remainder of the paragraph contains an expression of Schmitt's subjective worldview and intentions and does not include factual allegations to admit or deny.

10.     As to paragraphs 9 through 11, state that the U.S. Supreme Court's opinion in *Fulton v. City of Philadelphia* speaks for itself.

11.     As to paragraph 12, state this paragraph contains legal conclusions that do not include factual allegations to admit or deny.

12.     As to paragraphs 13 and 14, deny.

13.     As to paragraphs 15 and 16, state that these paragraphs contain legal conclusions that do not include factual allegations to admit or deny.

14.     As to paragraph 17, admit that Schmitt is seeking the stated relief and deny that he is entitled to any relief.

15.     As to paragraph 18, lack sufficient information to admit or deny.

16.     As to paragraphs 19 and 20, admit.

17.     As to paragraphs 21 through 24, state that these paragraphs contain legal conclusions that do not include factual allegations to admit or deny.

18.     As to paragraphs 25 through 33, state that these paragraphs contain statements outlining Schmitt's beliefs and subjective worldview and do not include factual allegations to admit or deny.

19.     As to paragraph 34, lack sufficient information to admit or deny.

20.     As to paragraph 35, state that this paragraph is an expression of Schmitt's beliefs and subjective impression of the Quest program and does not include factual allegations to admit or deny.

21.     As to paragraph 36, admit.

22.     As to paragraph 37, state that this paragraph is an expression of Schmitt's subjective impression of the Quest program and does not include factual allegations to admit or deny.

23.     As to paragraph 38, admit that Quest was created by Dr. Robert Lewis and that Lewis narrates the Quest videos and state that Authentic Manhood's purpose statement speaks for itself.

24.     As to paragraph 39, lack sufficient information to admit or deny.

25.     As to paragraph 40, state that this paragraph is an expression of Schmitt's subjective impression of the Quest program and does not include factual allegations to admit or deny.

26.     As to paragraphs 41 and 42, lack sufficient information to admit or deny.

27.     As to paragraph 43, as to the first sentence, admit.  As to the second sentence, state that his sentence is an expression of Schmitt's subjective intention and does not include factual allegations to admit or deny.

28.     As to paragraph 44, as to the first sentence, deny.  As to the second sentence, lack sufficient information to admit or deny.  As to the third sentence, state that this sentence is an expression of Schmitt's subjective impression of the Quest program and does not include factual allegations to admit or deny.

4

29.     As to paragraphs 45 and 46, lack sufficient information to admit or deny.

30.     As to paragraph 47, state that this paragraph is an expression of Schmitt's subjective impression of the Quest program and does not include factual allegations to admit or deny.

31.     As to paragraphs 48 and 49, lack sufficient information to admit or deny.

32.     As to paragraph 50, deny.

33.     As to paragraph 51, as to the first sentence, admit MCF-St. Cloud is an intake facility and that incarcerated persons are frequently transferred to other DOC facilities and lack sufficient information to admit or deny the remainder of the sentence.  As to the second sentence, lack sufficient information to admit or deny.

34.     As to paragraphs 52 through 56, lack sufficient information to admit or deny.

35.     As to paragraph 57, deny.

36.     As to paragraphs 58 through 60, state that Sutter's report providing feedback about the July 12, 2018 Quest group session speaks for itself.

37.     As to paragraph 61, state that this paragraph contains statements outlining Schmitt's beliefs and subjective worldview and does not include factual allegations to admit or deny.

38.     As to paragraph 62, lack sufficient information to admit or deny.

39.     As to paragraph 63, lack sufficient information to admit or deny whether the program continued without negative incident or whether more incarcerated persons graduated and state that the remainder of the paragraph contains statements that are an

expression of Schmitt's subjective impression of the Quest program's impact on incarcerated persons and thus do not include factual allegations to admit or deny.

40.    As to paragraph 64, lack sufficient information to admit or deny.

41.    As to paragraph 65, admit.

42.    As to paragraph 66, admit MCF-St. Cloud resumed religious programming and state that the remainder of the paragraph is an expression of Schmitt's subjective impression of the Quest program's impact on incarcerated persons and does not include factual allegations to admit or deny.

43.    As to paragraph 67, lack sufficient information to admit or deny whether Schmitt selected 11 videos and state the remainder of the paragraph is an expression of Schmitt's subjective impression of the Quest program and its impact on incarcerated persons and does not include factual allegations to admit or deny.

44.    As to paragraphs 68 and 69, state that the July 10, 2023 communication to Schmitt from Jolene Rebertus speaks for itself.

45.    As to paragraph 70, admit.

46.    As to paragraph 71, as to the first sentence, admit.  As to the second sentence, state that his sentence is an expression of Schmitt's subjective intention and does not include factual allegations to admit or deny.

47.    As to paragraph 72, state that this paragraph contains a legal conclusion that does not include factual allegations to admit or deny.

48.    As to paragraph 73, lack sufficient knowledge to admit or deny whether DOC programs include Schmitt's "specific religious beliefs"; admit that the DOC provides

6

secular and religious programs including Christian programs; and state that the remainder of the paragraph contains a legal conclusion that does not include factual allegations to admit or deny.

49.    As to paragraph 74, deny.

50.    As to paragraph 75, lack sufficient information to admit or deny.

51.    As to paragraph 76, state that the Confessional Statement of The Gospel Coalition speaks for itself.

52.    As to paragraph 77, state that the 2017 Nashville Statement speaks for itself.

53.    As to paragraph 78, state that John Piper's article entitled *Same-Sex Attraction and the Inevitability of Change* speaks for itself.

54.    As to paragraphs 79 through 86, deny.

55.    As to paragraph 87, admit that Schmitt demands a jury trial and deny that he is entitled to one.

56.    As to paragraphs 88 through 91, state that these paragraphs consist of legal conclusions that do not contain factual allegations to admit or deny.

57.    As to paragraphs 92 through 95, deny.

58.    As to paragraphs 96 through 101, state that these paragraphs consist of legal conclusions that do not contain factual allegations to admit or deny.

59.    As to paragraphs 102 through 105, deny.

60.    As to paragraphs 106 through 130, state that these paragraphs consist of legal conclusions that do not contain factual allegations to admit or deny.

61.    As to paragraph 131, deny.

62.     As to paragraphs 132 through 137, state that these paragraphs consist of legal conclusions that do not contain factual allegations to admit or deny.

63.     As to paragraphs 138 through 140, deny.

64.     As to paragraphs 141 through 143, state that these paragraphs consist of legal conclusions that do not contain factual allegations to admit or deny.

65.     As to paragraphs A through E, admit that Schmitt is seeking the stated relief and deny that he is entitled to any relief.

## SEPARATE DEFENSES

1.     Schmitt failed to state claims against the defendants for which the Court may grant relief.

2.     Schmitt's complaint fails to state a cognizable claim under 42 U.S.C. § 1983, the United States Constitution, and the Minnesota Constitution.

3.     The defendants may be entitled to sovereign immunity, absolute immunity, qualified immunity, official immunity, statutory immunity, or discretionary immunity.

4.     The defendants had insufficient personal involvement and therefore cannot be held liable for the allegations in the complaint.

5.     The defendants did not violate Schmitt's rights.

6.     The defendants reserve the right to amend their answer to assert additional defenses and to supplement, alter, or change the answer and defenses upon revelation of more definitive facts, and upon the undertaking of discovery and investigation in this matter.

WHEREFORE, the defendants request that Schmitt take nothing by his complaint, and that the Court dismiss his complaint with prejudice and award the defendants their costs and disbursements.

Dated: January 29, 2024                    Respectfully submitted,

                                           KEITH ELLISON
                                           Attorney General
                                           State of Minnesota

                                           s/ Corinne Wright
                                           CORINNE WRIGHT
                                           Assistant Attorney General
                                           Atty. Reg. No. 0390353
                                           445 Minnesota Street, Suite 1400
                                           St. Paul, Minnesota 55101-2131
                                           (651) 757-1198 (Voice)
                                           (651) 297-4139 (Fax)
                                           corinne.wright@ag.state.mn.us

                                           ATTORNEYS FOR DEFENDANTS
                                           JOLENE REBERTUS AND
                                           PAUL SCHNELL

|#5691542-v1