UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| Anthony Schmitt, | Civil No. 24-34 (JRT/LIB) |
| Plaintiff, | SECOND AMENDED PRETRIAL SCHEDULING ORDER |
| v. | |
| Jolene Rebertus, in her official capacity as Assistant Commissioner of the Minnesota Department of Corrections; Paul Schnell, in his official capacity as Commissioner of the Minnesota Department of Corrections, | |
| Defendant. | |

* * * * * * * * * * * * * * * * * * * *

Upon consideration of the parties' joint stipulation and motion (Docket No. 44) to furtheramend the Pretrial Scheduling Order, and in accordance with the provisions of Rule 16, Federal Rules of Civil Procedure, and the Local Rules of this Court, to administer the course of this litigation in a manner which promotes the interests of justice, economy and judicial efficiency, the following Second Amended Pretrial Schedule will govern these proceedings.  **The Schedule may be modified only upon formal Motion and a showing of good cause as required by Local Rules 7.1 and 16.3.**

**Counsel shall also comply with the Electronic Case Filing Procedures For the District of Minnesota, pursuant to Order Adopting Electronic Case Filing, dated May 13, 2004.**

THEREFORE, It is –

ORDERED:

I.

That all pre-discovery disclosures required by Rule 26(a)(1), which have not already been completed, shall be completed on or before **April 15, 2024**.  The period during which the parties must conduct all discovery (whether fact or expert) shall terminate on **September 30, 2025**.[1]  Disputes with regard to pre-discovery disclosures or discovery shall be called immediately to the Court's attention by the making of an appropriate Motion, and shall not be relied upon by any party as a justification for not adhering to this Pretrial Scheduling Order.  No further or additional discovery shall be permitted after the above date except upon motion and by leave of the Court for good cause shown, and any independent Stipulations or agreements between counsel which contravene the provisions of this Order will not be recognized.  However, upon agreement of counsel, or with leave of the Court, depositions in lieu of in-Court testimony may be taken after the close of discovery.

II.

That all Motions which seek to amend the pleadings or add parties must be filed and the Hearing thereon completed on or before **July 31, 2024**.[2]

III.

That all other nondispositive Motions shall be filed and the Hearing thereon completed prior to **October 31, 2025**, by calling Jennifer Beck at 218-529-3520, Courtroom Deputy for Magistrate Judge Leo I. Brisbois.  All nondispositive Motions shall be scheduled, filed and served in compliance with Local Rule 7.1(a) and (b) of the Electronic Case Filing Procedures For The

---

[1]     See Local Rule 16.2(d)(3) of the United States District Court For The District of Minnesota Local Rules.
[2]     This deadline does not apply to motions to amend pleadings to assert a claim for punitive damages.  Motions which seek to assert claims for punitive damages must be filed and the Hearing thereon completed prior to the discovery deadline in Paragraph I.

District of Minnesota. No discovery Motion shall be heard unless the moving party complies with the requirements of Local Rule 37.1.

IV.

A Mandatory Settlement Conference pursuant to Local Rule 16.5(b) in the above-entitled matter will be set before Magistrate Judge Leo I. Brisbois, **for some time January 2026, 10:00 a.m.** in Courtroom No. 1, Edward J. Devitt Federal Building and U.S. Courthouse, 118 South Mill Street, Fergus Falls, Minnesota. A separate Notice of this Settlement Conference shall be issued outlining the parties' obligations for preparation and for appearance of the Conference.[3]

V.

That no more than **twenty-five (25)** Interrogatories (counted in accordance with Rule 33(a), Federal Rules of Civil Procedure), **fifty (50)** Requests for Production (pursuant to Rule 34), and **fifty (50)** Requests for Admissions (pursuant to Rule 36), shall be served by any side.

VI.

That no more than **seven (7)** depositions (excluding expert depositions) shall be taken by any side without prior Order of the Court.

VII.

That within the foregoing period allotted for discovery, but no later than the dates set forth below, the parties shall retain and disclose to opposing counsel all persons they intend to call as expert witnesses at trial.[4] Each party's disclosure shall identify each expert and state the subject

---

[3] **The parties are always free to voluntarily participate at any time in private ADR prior to this mandatory settlement conference without need to get permission from this Court. The parties shall, however, report the results of any private ADR to the Court by filing a joint letter to the Court on CM/ECF.**

[4] This includes any witnesses who were retained for purposes of conducting an examination pursuant to Rule 35.

3

matter on which the expert is expected to testify. The disclosure shall be accompanied by a written report prepared and signed by the expert witness.[5] As required by Rule 26(a)(2)(B), Federal Rules of Civil Procedure, the report shall contain:

    a. The qualifications of the witness, including a list of all publications authored by the witness within the preceding 10 years;

    b. The compensation to be paid for the study and testimony;

    c. A listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years;

    d. A complete statement of all opinions to be expressed and the basis and reasons therefor;

    e. The data or other information considered by the witness in forming the opinions; and

    f. Any exhibits to be used as a summary of or support for the opinions.

Any party with the burden of persuasion on a claim, defense, counter-claim, or counter-claim defense shall make their expert disclosures on or before **June 10, 2025**. Any rebuttal disclosures thereto by any party shall be made on or before **July 10, 2025**.

VIII.

The parties **do** contemplate taking expert discovery depositions. No more than **one (1)** expert may be deposed by any party without prior Order of the Court.

IX.

That each party shall fully supplement all discovery responses according to Rule 26(e), Federal Rules of Civil Procedure. Any evidence responsive to a discovery request which has not

---

[5] If no written report is required by Rule 26(a)(2)(B), the disclosures shall still comply with Rule 26(a)(2)(C).

been disclosed on or before the discovery cutoff or other dates established herein, except for good cause shown, shall be excluded from evidence at trial.

X.

All dispositive motions and supporting documentation (notice of motion, motion, exhibits, affidavits, memorandum of law, and proposed order) shall be served and filed by the moving party on or before **November 30, 2025**.[6]  All dispositive motions must comply with Local Rule 7.1  Responses to dispositive motions shall be filed with the Court and served on or before **21 days after service of the supporting memorandum to the original motion**.  Replies to responsive briefs shall be served and file by **14 days after service of the response to the dispositive motion**.  Upon the motion being fully briefed and filed, counsel for the moving party shall email Judge John R. Tunheim's chambers at tunheim_chambers@mnd.uscourts.gov to request a hearing date.  Upon receiving a hearing date, time and location from Judge Tunheim's Courtroom Deputy, the moving party shall file an amended notice of hearing at that time.

XI.

That this case shall be ready for Trial on **March 1, 2026**[7], or 30 days after the Court renders its Order on any dispositive motion (whichever is later), at which time the case will be placed on

---

[6]     The parties should attempt to schedule dispositive motions after all discovery has been completed and to schedule all dispositive motions for the same hearing and should strive to avoid duplication in their briefing.  If the parties believe early or piecemeal dispositive motion practice is necessary, they should seek permission of the District Judge.

[7]     **THIS DATE IS NOT A TRIAL SETTING DATE**.  The parties will be notified by the Calendar Clerk of the assigned Judge to a case by way of a Notice of Trial as to when this case will be placed on the Trial Calendar.  The above date is merely a notice to all parties to consider the case ready for trial as of this date.  **DO NOT PREPARE FOR TRIAL UNTIL NOTIFIED.**

the Court's **JURY** trial calendar.[8]  That the anticipated length of Trial is **three (3) to five (5) days**.

DATED:  September 18, 2024                              s/Leo I. Brisbois
                                                        Hon. Leo I. Brisbois
                                                        U.S. MAGISTRATE JUDGE

---

[8] **The parties are encouraged to discuss and seriously consider consenting to trial by the Magistrate Judge.  See, 28 U.S.C. sec. 636(c).  Consent could simplify case management, reduce time and expense to the parties, and allow for a date certain trial earlier because it would not need to compete with dates on the Felony trial calendar of the District Judge.**